UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

NATHANIEL SIMS,

                Plaintiff,

      -against-

DR. ASCERI, DR. SHERYL THAILER, ERICK
STONE, MERTHA WRIGHT, DR. FORTNER,
YONKERS POLICE DEPARTMENT, WARDEN,
WESTCHESTER COUNTY JAIL,

                Defendants.
-------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/6/12

No. 12-cv-1889 (CS)

**ORDER**

Seibel, J.

      For the reasons set forth below, in Defendants' Opposition to Plaintiff's Order to Show Cause, (Doc. 9), and in Defendants' letter dated May 3, 2012, (Doc. 14), which submissions I deemed to be a motion to dismiss, Plaintiff's Complaint, (Doc. 1), is dismissed.

      Plaintiff's constitutional claims essentially amount to a challenge to his expulsion from a Veterans Affairs facility by the Defendants, and 38 U.S.C. § 511(a) bars a district court from reviewing veterans' benefits determinations. That section provides, subject to exceptions that are not applicable here, that "the decision of the Secretary [of Veterans Affairs] as to any such question shall be final and conclusive and may not be reviewed by . . . any court, whether by an action in the nature of mandamus or otherwise." 38 U.S.C. § 511(a); *see Sugrue v. Derwinski*, 26 F.3d 8, 10-11 (2d Cir. 1994) (affirming district court's dismissal of complaint for lack of subject matter jurisdiction, finding that "courts do not acquire jurisdiction to hear challenges to [veterans'] benefits determinations merely because those challenges are cloaked in constitutional terms"); *Larrabee v. Derwinski*, 968 F.2d 1497, 1500 (2d Cir. 1992) ("[O]ne may not circumvent

1

§ [5]11(a) by seeking damages on a constitutional claim arising out of a denial of benefits.") (internal quotation marks omitted) (collecting cases); *Philippeaux v. United States*, No. 10-CV-6143, 2011 WL 4472064, at *5 & n.3 (S.D.N.Y. Sept. 27, 2011) ("When a veteran's underlying claim is an allegation that the VA unjustifiably denied him a veterans' benefit, the district court lacks jurisdiction.") (alterations and internal quotation marks omitted);[1] *id.* at *5 (exclusive avenue of redress is appeal to Court of Veterans Appeals and from there to United States Court of Appeal for the Federal Circuit).

To the extent that Plaintiff asserts claims against Defendants Asceri, Thailer, Stone, Wright, and Fortner in their individual capacities pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), which generally allows an individual to sue federal officials for money damages arising from a violation of the individual's constitutional rights, those claims are dismissed as well. The Second Circuit has held that a plaintiff may not sue Veterans Affairs employees in their individual capacities based solely on their acts or omissions relating to benefits determinations in light of the "comprehensive remedial structure [that exists] to address disputes regarding disability . . . benefits claims by veterans." *Sugrue*, 26 F.3d at 12; *see id.* ("[T]he scheme of review for veterans' benefit claims provides meaningful remedies in a multitiered and carefully crafted administrative process. . . . Congress has declined to enact the remedy that [plaintiff] asks us to create against the VA Employees."); *accord Hassan v. U.S. Dep't of Veterans Affairs*, 137 F. App'x 418, 420 (2d Cir. 2005) (summary order) (finding *Bivens* claim properly dismissed by district court in a case where plaintiff challenged his expulsion from a Veterans Affairs facility).

---

[1] Copies of all unpublished decisions cited herein will be sent to the *pro se* Plaintiff, along with a copy of this Order.

Although *pro se* plaintiffs are generally given leave to amend a deficient complaint, *see Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795-96 (2d Cir. 1999) (per curiam), a district court may deny leave to amend when amendment would be futile because the problem with the claim "is substantive . . . [and] better pleading will not cure it," *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). I find that to be the case here, where this Court lacks subject matter jurisdiction to hear claims challenging denials of Veterans Affairs benefits. *See Hassan*, 137 F. App'x at 420 (finding amendment futile where court lacked subject matter jurisdiction to hear claims that "essentially amounted to a challenge to [plaintiff's] expulsion from a VA facility").

For the foregoing reasons, Defendants' motion to dismiss is GRANTED. The Clerk of the Court is respectfully directed to terminate the pending motion, (Doc. 14), and close the case.

In light of the above, the previously scheduled June 26, 2012 proceeding is canceled.

**SO ORDERED.**

DATED:   White Plains, New York
         June _5_, 2012

_Cathy Seibel_
Cathy Seibel, U.S.D.J.